ENGEL,, Circuit Judge,
concurring.
I fully agree with the majority that requirements of due process were met in this case and that, therefore, the judgment of the district court should be affirmed. I write separately to express my feeling that the constitutionality of Bankruptcy Rule 704(c)(1) does not depend upon the availability of relief under Fed.R.Civ.P. 55(c) and 60(b).
The majority states in part II of its opinion:
A rule of notice in bankruptcy proceedings is adequate if it meets the following conditions in addition to cost-effectiveness. The rule must reasonably be cal *265 culated to achieve actual notice, and there must be an available procedure, either as part of the rule, or as part of the general rules of civil procedure under which a person who fails to receive notice, through no fault of his own, has some available remedy for setting aside the judgment of default entered against him. If first class mail fails to give Samuels actual notice through no fault of his own, and if the default judgment entered against him were automatically irrevocable, then Samuels would have a strong argument that his procedural due process rights are in jeopardy. But that circumstances is not the case here.
The basic constitutional rule as formulated by the Supreme Court in Mullane v. Central Hanover Bank & Trust, 339 U.S. 306, 318, 70 S.Ct. 652, 659, 94 L.Ed. 865 (1950), is that “notice must be such as is reasonably calculated to reach interested parties.” The majority opinion appears to add a new requirement in order to satisfy due process. To me it is sufficient to say that Bankruptcy Rule 704(c)(1) is constitutional on its face. In other words, the procedure established by the rule is constitutionally correct in the setting in which it is intended to operate, that is, when the bankruptcy court itself either sends or directs the sending of notice by first class mail. This assumes that the notice has been properly addressed and sent to the last known address. Under these circumstances, I believe that first class mail is sufficiently reliable to satisfy the Mullane standard.
Although I agree that courts should apply Rules 55(c) and 60(b) liberally when considering motions to set aside entry of a judgment by default, I think that the issue of relief under those rules is separate from the constitutional question. In this case Samuels chose not to bring himself within the requirements for relief under Rules 55(c) and 60(b).
The point of difference between me and the majority may seem minor; however, I am concerned that the impact of the majority’s language may be far broader than the facts of this case justify. I would prefer to hold simply that good faith compliance with Rule 704(c)(1) in the context of bankruptcy proceedings comports with constitutional due process. Fed.R.Civ.P. 55(c) and 60(b), while very salutary in their own right, do not in my opinion add anything to the constitutionality of Bankruptcy Rule 704(c)(1).